While I agree with the reasoning expressed in the majority opinion, I write separately to emphasize that the decision to permanently deprive a parent of custody of his or her child involves important, constitutional parental rights which demand that our trial courts adhere to the statutory guidelines, the purpose of which is to afford the parent due process.
"[T]he right to raise a child is an `essential' and `basic' civil right." In re Hayes (1997), 79 Ohio St.3d 46, 48. "Therefore, parents `must be afforded every procedural and substantive protection the law allows.'" Id. The clear and convincing evidence standard set forth in R.C. 2151.414 is the minimum standard of proof required by the due process clause of the United States Constitution to be applied in proceeding to terminate parental rights. Santosky v. Kramer (1982),455 U.S. 745.
At the time of the trial court's decision, R.C. 2151.414 (B) permitted the court to grant an agency's request for permanent custody "if the court determines * * * by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency and that any of the following apply: (1) The child is not abandoned, or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents." (Emphasis added.) The former statute requires a finding that the child cannot be placed with either parent within a reasonable time, or should not be placed with either parent, if the court determines, by clear and convincing evidence, that certain facts exist, including, e.g., that "the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home" despite reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems and "chemical dependency of the parent that is so severe that it makes the parent unable to provide an adequate permanent home for the child at the present time and, as anticipated, within one year after the court holds the hearing * * *" R.C. 2151.414 (E) (2).
The trial court made none of these findings. The sum total of its substantive conclusions were:
 THE COURT HEARD EVIDENCE AND TESTIMONY. UPON DUE CONSIDERATION THEREOF, THE COURT FINDS THAT THE ALLEGATIONS OF THE COMPLAINT HAVE BEEN PROVEN BY CLEAR AND CONVINCING EVIDENCE. THE CHILD IS FOUND TO BE DEPENDENT AND NEGLECTED.
 REASONABLE EFFORTS WERE MADE BY THE CUYAHOGA COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES TO PREVENT REMOVAL OF SAID CHILD FROM HIS HOME. THE COURT FINDS THAT THE CONTINUED RESIDENCE OF SAID CHILD IN HIS HOME WILL BE CONTRARY TO HIS BEST INTEREST AND WELFARE FOR THE FOLLOWING REASONS: MOTHER HAS A HISTORY OF DRUG ABUSE WHICH PREVENTS HER FROM PROVIDING ADEQUATE PARENTAL CARE FOR THE CHILD. THE ALLEGED FATHER HAS NOT ESTABLISHED PATERNITY AND DOES NOT PROVIDE CARE OR SUPPORT FOR THE CHILD.
Patently, the trial court here did not make the findings necessary to support its decision. I am reluctant to suggest that reversal is appropriate on this basis because appellant did not raise the issue in her assignments of error. Nevertheless, the trial court should be more cognizant of its important constitutional obligation to afford due process to parents facing the potential permanent loss of custody of their children.